IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. 03-113 |
| Plaintiff, | ) ) |
| v. | ) ) ) COMPLAINT |
| DONNA SALYERS' FABULOUS FURS COMPANY | ) ) ) ) ) ) |
| Defendant. | ) ) JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against Donna Salyers' Fabulous Furs Company ("DSFF") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 in order to correct DSFF's unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Melissa Vogt ("Vogt"), Tammy Riggs ("Riggs"), Brenda Oliver ("Oliver") and Victoria Pelgen ("Pelgen"), who each were affected adversely by such practices. As alleged in paragraph seven below, the Commission alleges that DSFF subjected Vogt, Riggs, Oliver and Pelgen to sexual harassment and retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Covington Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, DSFF, is currently a corporation and at all relevant times has continuously been a corporation doing business in the Commonwealth of Kentucky and the City of Covington, and has continuously had at least 15 employees.

5. At all relevant times, DSFF has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Vogt, Riggs, Oliver and Pelgen each filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least August 2001, Defendant engaged in unlawful employment practices at its facility in Covington, Kentucky, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §

2000e-2(a)(1). Defendant subjected Vogt, Riggs, Oliver and Pelgen to sexual harassment and retaliation.

8. The effect of the practice complained of in paragraph seven above has been to deprive Vogt, Riggs, Oliver and Pelgen of equal employment opportunities and to otherwise adversely affect their respective employee status.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to Vogt's, Riggs's, Oliver's and Pelgen's respective federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining DSFF, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and sexual harassment.

B. Order DSFF to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices based on sex.

C. Order DSFF to make whole Vogt, Riggs, Oliver and Pelgen by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order DSFF to make whole Vogt, Riggs, Oliver and Pelgen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

E. Order DSFF to make whole Vogt, Riggs, Oliver and Pelgen by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including losses resulting from any emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

F. Order DSFF to pay Vogt, Riggs, Oliver and Pelgen punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
BOBBY L. SIMPSON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Louisville Area Office
600 Martin Luther King, Jr. Place
Suite 268
Louisville, Kentucky 40202-2285
(502) 582.6308 (Direct Dial)
(502) 582.5895 (Facsimile)

